Dear Mr. Jones:
This office is in receipt of your request for an opinion of the Attorney General. Your question, as I understand it, is as follows:
 Is the Committee of 25, a private citizen's advisory committee appointed by the Mayor in order to offer advice on possible revisions of the City Charter, subject to compliance with the Open Meetings Law?
As noted by this office in Atty. Gen. Op. No. 82-671, the Open Meetings law applies to all "public bodies", but the obvious question is what is encompassed in the term. Therein it was stated the term includes any committee or sub-committee of a state board so long as the committee possesses "policy making,advisory or administrative functions." R.S. 42:4.2. In conclusion, it was stated, "If the council is strictly a discussion group which makes no policy suggestions and gives no advice to the board it may not fall within the Open Meetings Law; however, the Board should note that the Legislature expressly provided that the Open Meeting Law should be liberally construed
and thus, if the committee does advise the Board in any way the committee's meetings should comply with the open meeting law."
Of similar import is Atty. Gen. Op. 79-1392 in regard to a committee of private citizens appointed by the Mayor of the City of Bastrop to study the financial affairs of the City and make recommendations on the possibility of salary increases. Therein it was concluded that the committee was a public body and its meeting should be open to the public reasoning its function can be classified as a subcommittee of the municipal governing body. Further it was observed since the deliberations will constitute an element of the formulation of public policy, the intent of the Open Meetings Law could be frustrated if the committee meetings are closed to the public. Accordingly, it was concluded the committee should meet in public so that interested citizens can have the benefit of deliberations and decisions which could have a profound effect on the public policy of the City.
We find no reason to reach a different conclusion in the instant case. If the pertinent portion of R.S. 42:4.2 is read wherein "public body" is defined it states that "public body" means, in addition to any village, town and city governing authorities, "any other state, parish, municipal, or special district boards, commissions, or authorities, * * * including any committee or subcommittee of any of these bodies enumerated in this paragraph." It would appear a committee appointed by the mayor as chief executive officer would by this definition be a subcommittee of a municipal authority and a "public body" and we do not feel a committee appointed by the mayor should be treated any differently than that appointed by the council. Moreover, this conclusion finds support in the mandate of the legislature in R.S. 42:4.1 that the Open Meetings Law be liberally construed and to find otherwise would be in contravention of this directive.
Under this liberal construction the Mayor would constitute the "public body" which established the private citizens advisory group and as such would be obliged under the dictates of R.S. 42:6.1(D) to comply with the provisions of R.S. 42:7 in providing the required notice of meeting of such group or committee.
Therefore, based upon a reading of the Open Meetings Law with this mandate in mind and earlier opinions of this office, it must be concluded that the meetings of the Committee of 25 are subject to being open to the public inasmuch as they are a committee of the mayor who are to meet to deliberate over the City Charter in order to advise on possible revisions.
We hope this sufficiently answers your question, but if we can be of further assistance, please do not hesitate to contact our office.
Your very truly,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General